[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE MOTIONS TO STRIKE #131, #132 AND #137
This case arises from a claim on the part of the plaintiff, Neato, LLC, that the defendant, Soundview Partners, breached an agreement whereby Soundview was to purchase Neato "s assets and business. In the complaint Neato seeks a declaratory judgment that Soundview breached the agreement, that there was no material breach on the part of Neato, and that Neato was entitled to retain a $50,000 good faith deposit paid to it CT Page 6968 by Soundview.
Soundview has filed a nine count counterclaim alleging that Neato and Peter Tracy, Neato's principal officer, acted in bad faith and failed to fulfill their obligations pursuant to the agreement. Soundview alleges in its counterclaim that Neato utilized the agreement to cause Fellowes, Inc., which had a right of first refusal as to the purchase of Neato, to commit to the purchase of Neato.
Soundview has also impleaded as third party defendants, Tracy and Fellowes. In the third party complaint against Tracy, which consists of six counts, Soundview alleges that Tracy acted in bad faith and intended to defraud Soundview. The third party complaint against Fellowes alleges that Fellowes tortiously induced a breach by Neato of its agreement with Soundview.
Before the court are motions to strike filed by Neato, Tracy and Fellowes. Neato moves to strike counts seven and nine of Soundview's counterclaims on the ground that count seven is duplicative of count six and count nine fails to state a cognizable cause of action under the Connecticut Unfair Trade Practices Act (CUTPA).
Tracy moves to strike the entire third party complaint on the grounds that its allegations are insufficient to establish personal liability against him. In the alternative, Tracy moves to strike count five as duplicative of count four and count six as failing to state a cognizable cause of action pursuant to CUTPA.
Fellowes moves to strike count three of the third party complaint against it on the ground that such count fails to state a cognizable cause of action pursuant to CUTPA.
Initially to the extent that the motion to strike of Neato and Tracy claim that the counterclaim and third party complaint against Tracy contain counts which are duplicative, such claims are raised by a request to revise rather than a motion to strike, which addresses the sufficiency of the allegation of the pleading under attack. See Rowe v. Godou,209 Conn. 273, 279 (1988). As this is a court rather than a jury case, the trial judge should have little difficulty in dealing with such issues at the time of trial.
In considering the motions to strike, the court must accept as true all facts well pleaded. Ferryman v. Groton, 212 Conn. 138, 142 (1989). The court must construe the allegations of the pleading at issue in the manner most favorable to the non-moving party. Faulkner v. UnitedTechnologies Corp., 240 Conn. 576, 580 (1997). CT Page 6969
Common to all three motions to strike is the claim that CUTPA does not apply to a one time sale of a business by a person not engaged in the trade of selling businesses.
There is a split of authority at the trial court level as to whether CUTPA would be applicable to the facts alleged by the parties in this case.
Conn. Gen. Stat. § 42-110b (a) provides that "no person shall engage in unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce." "Trade or commerce" is defined by Conn. Gen. Stat. § 42-110a (4) as "the advertising, the sale or rent or lease, the offering for sale or rent or lease, or the distribution of any services and any property, tangible or intangible, real personal or mixed, and any other article, commodity, or thing of value in this state."
There is nothing in the definition of "trade or commerce" which requires that the person charged with a violation of CUTPA be in the business of selling the property m question so long as the alleged activities come within that definition. Additionally, there appears to be no good reason, whether based upon the wording of the act or its purpose which would make CUTPA inapplicable to a single transaction such as that alleged in this case.
Finally, CUTPA requires no showing of a consumer relationship or consumer injury and a competitor or other business person can maintain a CUTPA cause of action. Larsen Chelsey Realty Co. v. Larsen, 232 Conn. 480,496 (1995).
Therefore, in the court's opinion the CUTPA allegations as against Neato, Tracy and Fellowes survive the motions to strike.
Tracy claims that the allegations of the third party complaint against him seek to pierce the veil afforded him by the limited liability company without a basis for doing so. However, Tracy misconstrues the claim against him. Soundview alleges not an attempt to pierce the corporate veil but rather fraudulent conduct on the part of Tracy individually.
Should such allegations be proved that would result in personal liability on the part of Tracy regardless of the liability of the limited liability company. See Kilduff v. Adams, Inc., 219 Conn. 314, 331-332
(1991).
Therefore, for the reasons set forth above the motions to strike are hereby denied.
Bruce W. Thompson, Judge CT Page 6970